■ MEREDITH A. MANTOOTH et al., Appellants, v TOWN OF OYSTER BAY, Respondent, et al., Defendants. [732 NYS2d 370] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated May 4, 2000, as granted that branch of the motion of the defendant Town of Oyster Bay which was for summary judgment dismissing the complaint insofar as asserted against it, (2), as limited by their brief, from so much of a judgment of the same court, dated December 7, 2000, as, upon the order dated May 4, 2000, dismissed the complaint insofar as asserted against the defendant Town of Oyster Bay, and (3) from an order of the same court, also dated December 7, 2000, which denied their motion, in effect, for reargument. The plaintiffs' notice of appeal from the order dated May 4, 2000, is also deemed a notice of appeal from the judgment (*see,* CPLR 5501 [a]).

Ordered that the appeal from the order dated May 4, 2000, is dismissed; and it is further,

Ordered that the appeal from the order dated December 7, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order dated May 4, 2000, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment to the Town of Oyster Bay since there are no triable issues of fact. Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.